UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY A COOK,<br><br>               Plaintiff,<br><br>   v.<br><br>KING COUNTY CORRECTIONAL FACILITY et al.,<br><br>               Defendant. | CASE NO. 2:21-cv-00238-RSM-BAT<br><br>**ORDER DENYING MOTION FOR COUNSEL AND REQUESTS TO AMEND, STRIKING DOCKET 33, DENYING MOTION FOR DISCOVERY, GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION, RE-NOTING MOTION FOR SUMMARY JUDGMENT** |

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently pending before the Court are Defendants' motion for summary judgment (Dkt. 15), Plaintiff's motion for appointment of counsel (Dkt. 20), Plaintiff's motion for substitution of defendants (Dkt. 21), Plaintiff's motion for extension of filing deadlines (Dkt. 22), Plaintiff's "amendment to complaint" (Dkt. 33), Plaintiff's motion for discovery (Dkt. 36), Defendants' motion to exclude Plaintiff's "amendment to complaint" (Dkt. 38), and Plaintiff's motion to amend the complaint (Dkt. 40). Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

ORDER DENYING MOTION FOR COUNSEL AND REQUESTS TO AMEND, STRIKING DOCKET 33, DENYING MOTION FOR DISCOVERY, GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION, RE-NOTING MOTION FOR SUMMARY JUDGMENT - 1

A. **Motion for Appointment of Counsel**

Plaintiff moves for appointment of counsel based on his health and the complexity of the issues in his case. Dkt. 20. Defendants oppose the motion. Dkt. 30.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

Plaintiff argues the Court should appoint counsel due to his health difficulties, indicating that he will be undergoing surgery to remove a disc in his neck as well as eye surgery sometime in the future. Dkt. 20. He also indicates he is experiencing an ongoing health issue wherein he experiences seizures every 6 to 8 weeks and that after these seizures he experiences confusion, disorganization, loss of memory and aggression and is only able to present organized argument about half the time. *Id.* He also indicates he is experiencing headaches and his medications make him drowsy. *Id.* Plaintiff also argues counsel should be appointed due to the complexity of the issues in his case. *Id.*

ORDER DENYING MOTION FOR COUNSEL AND REQUESTS TO AMEND, STRIKING DOCKET 33, DENYING MOTION FOR DISCOVERY, GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION, RE-NOTING MOTION FOR SUMMARY JUDGMENT - 2

Considering both the likelihood of success on the merits and Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the relevant legal issues, the Court concludes that Plaintiff does not establish exceptional circumstances warranting appointment of counsel at this time. Plaintiff fails to demonstrate that he is likely to succeed on the merits of his claims at this point. Plaintiff offers little argument and points to no evidence in support of his motion to appoint counsel to demonstrate that he is likely to succeed on the merits of the claims raised in his complaint, nor is the Court able to conclude at this point in the litigation that Plaintiff is, in fact, likely to succeed on the merits.

Furthermore, Plaintiff has demonstrated an adequate ability, up to this point, to articulate his claims *pro se*, despite his medical condition. Plaintiff presents no medical evidence in support of his motion demonstrating that his condition is limiting him to the extent that he is unable to litigate his case at this time. Plaintiff's numerous filings demonstrate an adequate ability on Plaintiff's part to articulate his allegations and to request relief. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (where *pro se* civil rights plaintiff shows a good grasp of basic litigation procedure and has been able to articulate claims adequately, he does not demonstrate exceptional circumstances required for appointment of counsel). To the extent Plaintiff's upcoming medical procedures may impact his ability to timely respond to motions or otherwise litigate he may move for extensions of time on that basis as appropriate. Furthermore, Plaintiff's claims do not appear, at this point, to present particularly complex issues of fact or law. Plaintiff primarily argues that Defendants were deliberately indifferent to his serious medical needs in failing to properly treat his medical conditions. This type of claim is addressed frequently in this Court and the Court cannot conclude at this point that the facts of this case are so complex that counsel

should be appointed. Plaintiff also challenges the constitutionality of his guilty plea. However, this claim also does not appear to the Court, at this point, to be of such a complex legal or factual nature such that counsel should be appointed on this basis.

Accordingly, the Court finds that Plaintiff fails to demonstrate he is entitled to appointment of counsel at this time. Plaintiff's motion (Dkt. 20) is DENIED without prejudice.

**B.**     **Motion for Substitution of Defendant, "Amendment to Complaint", Motion to Exclude Plaintiff's Amendment to Complaint, Motion to Amend Complaint**

Plaintiff moves "for substitution of defendant" seeking to replace Defendants King County Correctional Facility, Maeleng Regional Justice Center, and King County Courts with King County which he asserts is the "proper legal entity representing the jail(s) and court." Dkt. 21. Defendants oppose Plaintiff's motion on the grounds that the amendment would likely be futile in light of Defendants' pending motion for summary judgment and based on Plaintiff's failure to attach a copy of the proposed amended pleading as required by Local Civil Rule (LCR) 15. Dkt. 28. Plaintiff has also filed a document entitled "Amendment to Complaint" which appears to be a combined attempt to amend his complaint to add additional defendants and to further respond to Defendants' motion for summary judgment. Dkt. 33. Defendants move to exclude Plaintiff's "amendment to complaint" arguing that Plaintiff has not properly sought leave of the Court to amend or complied with LCR 15. Dkt. 38. Plaintiff has also filed a motion to amend his complaint in which he appears to seek to "add a Monell claim" but does not include a complete proposed amended complaint. Dkt. 40.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*

ORDER DENYING MOTION FOR COUNSEL AND REQUESTS TO AMEND, STRIKING DOCKET 33, DENYING MOTION FOR DISCOVERY, GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION, RE-NOTING MOTION FOR SUMMARY JUDGMENT - 4

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Defendants filed an answer on May 11, 2021. Dkt. 13. At the time Plaintiff filed his motions his time to file an amendment as a matter of course had expired and thus Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants have not provided written consent allowing Plaintiff to amend. Thus, to amend the complaint, Plaintiff must have the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Under LCR 15,

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

ORDER DENYING MOTION FOR COUNSEL AND REQUESTS TO AMEND, STRIKING DOCKET 33, DENYING MOTION FOR DISCOVERY, GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION, RE-NOTING MOTION FOR SUMMARY JUDGMENT - 5

The Court construes Plaintiff's motion for substitution of defendant, "amendment to complaint", and motion to amend as requests to amend his complaint. However, Plaintiff has not attached a proposed amended complaint to any of his requests to amend. As such, Plaintiff has not complied with the Local Rules. Furthermore, Plaintiff's filings appear to be an attempt to tack on claims and defendants to his original complaint in a piecemeal fashion which is improper under the Local Rule and presents challenges for the Defendants and the Court in assessing which claims Plaintiff intends to maintain. Moreover, without the proposed amended complaint, the Court is unable to properly consider if leave to amend should be given in light of the four factors described above.

Accordingly, the motions (Dkts. 21, 33, 40) are DENIED. Defendants' motion to "exclude plaintiff's amended complaint" (Dkt. 38) is GRANTED and the Clerk is directed to strike Plaintiff's "amendment to the complaint" (Dkt. 33) and the filing will not be considered by the Court as either an amended pleading or as a response to Defendants' motion for summary judgment. If Plaintiff moves to amend his complaint again, he must include a copy of his proposed amended complaint as required by LCR 15. Plaintiff is further advised that an amended complaint acts as a ***complete substitute*** for the original complaint and not as a supplement and, as such, any proposed amended complaint should include all of the Plaintiff's claims and name all the Defendants he intends to name in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Furthermore, to the extent Plaintiff's filings are intended, in part, as an attempt to supplement his response to Defendants' motion for summary judgment, as discussed below, Plaintiff will be granted additional time to file a complete amended response to the motion.

ORDER DENYING MOTION FOR COUNSEL
AND REQUESTS TO AMEND, STRIKING
DOCKET 33, DENYING MOTION FOR
DISCOVERY, GRANTING IN PART AND
DENYING IN PART REQUEST FOR
EXTENSION, RE-NOTING MOTION FOR
SUMMARY JUDGMENT - 6

C.     **Motion for Discovery**

Plaintiff has also filed a "motion/request for discovery." Dkt. 36. Defendants oppose the motion indicating they intend to provide responses to several of Plaintiff's discovery requests and note their objections to other requests. Dkt. 37.

Plaintiff's motion appears to either be a request for discovery through the Court or a request for the Court to compel Defendants to provide discovery. However, pursuant to Local Civil Rule (LCR) 5(d): "Rule 26 initial disclosures and discovery requests and responses **must not be filed** unless they are used in the proceedings or the court orders filing." LCR 5(d) (emphasis added). Accordingly, to the extent Plaintiff is seeking to conduct discovery by serving his discovery requests through the Court, such a request is improper.

Moreover, to the extent Plaintiff is seeking to compel discovery, Fed. R. Civ. P. 37(a) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Similarly, Local Civil Rule (LCR) 37 provides, in relevant part:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

LCR 37.

ORDER DENYING MOTION FOR COUNSEL AND REQUESTS TO AMEND, STRIKING DOCKET 33, DENYING MOTION FOR DISCOVERY, GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION, RE-NOTING MOTION FOR SUMMARY JUDGMENT - 7

It does not appear the Plaintiff has previously served these discovery requests on Defendants, nor does he certify in his motion that he has complied with the meet and confer requirement.

Accordingly, Plaintiff's motion for discovery (Dkt. 36) is DENIED.

**D.     Motion for Extension of Filing Deadlines and Motion for Summary Judgment**

Defendants have moved for summary judgment. Dkt. 15. Plaintiff filed what appears to be a partial response to the motion (Dkt. 19) along with a motion for an extension of "all filing deadlines" in the case to January 3, 2021[1] (Dkt. 22). Defendants oppose Plaintiff's motion. Dkt. 27.

Under the current pretrial schedule, discovery must be completed by August 12, 2021 and dispositive motions must be filed by September 14, 2021. Dkt 14. Plaintiff's response to Defendants' motion for summary judgment was due by June 21, 2021.

Plaintiff requests an extension of all deadlines on the grounds that he has had very limited law library access due to COVID-19 restrictions, that he is due to undergo several surgeries as well as a sleep study, that he is waiting to obtain additional medical records through discovery, and that his new treatments for his discovery issues may be relevant to his claims regarding his inadequate medical treatment. Dkt. 22. However, Plaintiff fails to identify what specific discovery remains outstanding or why it cannot be completed by the August 12, 2021 deadline. Furthermore, Plaintiff fails to explain in his motion when the new surgeries or treatments are

---

[1] As January 3, 2021, has already passed, the Court considers the reference to 2021 to be a scrivenor's error and construes Plaintiff's motion as requesting an extension until January 3, 2022.

ORDER DENYING MOTION FOR COUNSEL AND REQUESTS TO AMEND, STRIKING DOCKET 33, DENYING MOTION FOR DISCOVERY, GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION, RE-NOTING MOTION FOR SUMMARY JUDGMENT - 8

occurring or how, specifically, these surgeries, tests or treatments he indicates he will undergo sometime in the future are relevant to the issue of whether Defendants were deliberately indifferent to his serious medical needs in providing medical care in 2017-2018.

The Court finds Plaintiff's assertions regarding his limited law library access do warrant an extension of time for him to file a complete response to Defendants' motion for summary judgment. Accordingly, Plaintiff's motion (Dkt. 22) is GRANTED in part and DENIED in part. Plaintiff may file a complete/amended response to Defendants' summary judgment motion by **August 30, 2021**. Plaintiff's amended response should include *all* of the arguments he intends to include in responding to Defendants' motion for summary judgment. The Clerk is directed to re-note Defendants' motion for summary judgment to **September 3, 2021**. To the extent Plaintiff's motion (Dkt. 22) also requests an extension of the other deadlines in the case, that request is DENIED.

## CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion for appointment of counsel (Dkt. 20) is DENIED without prejudice.

(2) Plaintiff's motions to amend (Dkts. 21, 33, 40) are DENIED.

(3) Defendants' motion to "exclude plaintiff's amended complaint" (Dkt. 38) is GRANTED and the Clerk is directed to strike Plaintiff's "amendment to the complaint" (Dkt. 33) and the filing will not be considered by the Court as either an amended pleading or as a response to Defendants' motion for summary judgment.

(4) If Plaintiff moves to amend his complaint again, he must include a copy of his proposed amended complaint as required by LCR 15. Plaintiff is further advised that an amended

complaint acts as a ***complete substitute*** for the original complaint and not as a supplement and, as such, any proposed amended complaint should include all of the Plaintiff's claims and name all the Defendants he intends to name in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

(5) Plaintiff's motion for discovery (Dkt. 36) is DENIED.

(6) Plaintiff's motion for extension of filing deadlines (Dkt. 22) is GRANTED in part and DENIED in part. Plaintiff may file a complete/amended response to Defendants' summary judgment motion by **August 30, 2021**. Plaintiff's amended response should include ***all*** of the arguments he intends to include in responding to Defendants' motion for summary judgment. The Clerk is directed to **re-note** Defendants' motion for summary judgment (Dkt. 15) to **September 3, 2021**. To the extent Plaintiff's motion (Dkt. 22) also requests an extension of the other deadlines in the case, that request is DENIED.

(7) The Clerk is directed to provide a copy of this order to the parties and to the Hon. Ricardo S. Martinez.

DATED this 2nd day of August, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL AND REQUESTS TO AMEND, STRIKING DOCKET 33, DENYING MOTION FOR DISCOVERY, GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION, RE-NOTING MOTION FOR SUMMARY JUDGMENT - 10